1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOEL ELLIOTT,                              No.  2:24-CV-1651-DMC-P

12                      Petitioner,

                                                 <u>ORDER</u>
13            v.
                                                 <u>And</u>
14    SALMONSON,
                                                 <u>FINDINGS AND RECOMMENDATIONS</u>
15                      Respondent.

16

17            Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus under 28 U.S.C. § 2241.  Pending before the Court are: (1) Respondent's motion to

19    dismiss, ECF No. 10; (2) Petitioner's motion for bail pending appeal, ECF No. 16; and (3)

20    Petitioner's motion for sanctions, ECF No. 18.

21

22                              **I. BACKGROUND**

23    A.       **Petitioner's Petition for Writ of Habeas Corpus**

24            Petitioner filed the petition for writ of habeas corpus on June 10, 2024. <u>See</u> ECF

25    No. 1. Petitioner argues that "under current law I am actually innocent of my 30 year 924

26    (c)(1)4(B)(ii) conviction in violation of constitution and/or non-retroactive intervening change in

27    law." <u>Id.</u> at 3.  Petitioner contends that in <u>Borden v. United States,</u> the Supreme Court held that

28    "offenses that can be committed with a mens rea of recklessness can not be deemed violent and

                                                1

1  therefore can not support a 924 (c) conviction." Id. at 7. According to Petitioner, he was

2  convicted of 844 (f)(1) and (f)(2) and the mens rea requirement in that statute is "malicious,"

3  which the Tenth Circuit has held includes reckless and intentional acts. See id. Petitioner

4  contends that because his underlying conviction was for a crime with a mens rea that could be

5  merely reckless, sentencing according to 924 (c)(1)4(B)(ii) violates the Supreme Court holding in

6  Borden v. United States. See id.  Petitioner concedes "the Borden ruling is non retroactive" but

7  argues the "decision [] alters the substantive reach of a federal statute." Id.

8          Additionally, Petitioner contends this claim is properly brought under § 2241

9  because the decision in Borden v. United States was made after he filed his § 2255 habeas,

10  "making the [§ 2241] escape hatch the only route available to me." Id. Petitioner then asserts that

11  the "non-retroactive intervening change in law does not satisfy the criteria of 2244 for successive

12  2255 and I have not had nor will I ever get an opportunity to present my actual innocence claim in

13  a 2255 motion." Id. at 8.

14          According to Petitioner, the District Court in Wyoming denied Petitioner's claims

15  under Borden and then, when Petitioner appealed that decision, the Tenth Circuit vacated the

16  District Court's decision and remanded "with instructions to vacate for lack of jurisdiction, due to

17  my claims not being cognizable on 2nd successive 2255." Id.  Petitioner contends that the Tenth

18  Circuit's decision to not issue a certificate of appealability to permit Petitioner to raise his claims

19  under §2255 and subsequent determination that without a certificate of appealability, Petitioner

20  could not advance his §2255 claims, constitute "obstruction." Id. Petitioner believes "it is

21  fundamentally unfair to not allow me the opportunity to litigate my claims of actual innocence

22  and take advantage of new laws while others who are indicted after changes in law can take

23  advantage of them." Id.

24      **B.     Respondent's Motion to Dismiss**

25          Respondent filed a motion to dismiss and response to petition on October 24,

26  2025. See ECF No. 10. Respondent argues: (1) the Tenth Circuit Court of Appeals correctly

27  determined that Borden v. United State "is not material" to Petitioner's conviction; (2) Borden is

28  "merely a case of later statutory interpretation and did not announce a new rule of constitutional

2

1  law authorizing habeas review;" and (3) pursuant to <u>Jones v. Hendrix</u>, 599 U.S. 465 (2023),

2  Petitioner's § 2241 petition "is an unauthorized end-run around successive 28 U.S.C. § 2255(h)

3  collateral attack," and therefore, this Court lacks jurisdiction over the petition. <u>Id.</u> at 3-4.

4           Attached to Respondent's motion to dismiss is the verdict form from Petitioner's

5  underlying conviction and Petitioner does not challenge its' authenticity. <u>See</u> ECF No. 10-1, pgs.

6  27-29. The jury verdict form indicates the jury found Petitioner guilty of: (1) Count 1, 18 U.S.

7  Code § 844 (f) (1) and (f)(2), committed intentionally and deliberately; (2) Count 2, 18 U.S. Code

8  § 924 (c)(1)(A) and (B)(ii); Count Three, 26 U.S. Code § 5861 (d); and Count 4, 18 U.S. Code §

9  1623 (a). <u>See</u> <u>id.</u>

10          As both parties acknowledged, the Tenth Circuit previously dismissed Petitioner's

11 second § 2255 motion concluding that because Petitioner failed to get authorization from the

12 Tenth Circuit for such motion, the District Court lacked jurisdiction over Petitioner's claim. See

13 <u>United States v. Elliott</u>, No. 22-8046, 2023 U.S. App. LEXIS 16256 (10th Cir. June 27, 2023).

14 The Tenth Circuit continued the analysis:

15               Furthermore, even were Mr. Elliott to request authorization from this court
16       to file a successive § 2255 motion claiming his conviction was erroneous under
         Borden, we could not authorize such a motion because <u>Borden</u> did not announce a
17       new rule of constitutional law as required by § 2255(h)(2). <u>See</u> <u>Jones v. United
         States</u>, 36 F.4th 974, 986 (9th Cir. 2022) ("<u>Borden</u> did not announce a new
18       'constitutional' rule."); <u>United States v. Hanner</u>, 32 F.4th 430, 436 (5th Cir. 2022)
         ("<u>Borden</u> 'did not announce a new rule of constitutional law but instead addressed
19       a question of statutory construction.'" (quoting <u>In re Rodriguez</u>, 18 F.4th 841 (5th
         Cir. 2021))). As the Supreme Court recently reiterated, "§ 2255(h) specifies the
20       two circumstances in which a second or successive collateral attack on a federal
         sentence is available, and those circumstances do not include an intervening
21       change in statutory interpretation." <u>Jones v. Hendrix</u>, 599 U.S. -- at 23 (2023) (slip
         opinion). In <u>Borden</u>, the Supreme Court engaged in pure statutory construction,
22       interpreting the elements clause phrase "against another," as used to modify "use
         of force," to "demand[] that the perpetrator direct his action at, or target, another
23       individual." <u>Borden</u>, 141 S. Ct. at 1825. The Court determined that reckless
         conduct "is not aimed in that prescribed manner" and thus could not be included
24       within the elements clause definition of violent felony. <u>Id.</u> Because <u>Borden</u>
         addressed a question of statutory interpretation, rather than a new rule of
25       constitutional law, we do not consider Mr. Elliott's argument that, if charged today,
         his predicate offense of federal arson would not qualify as a crime of violence
26       pursuant to <u>Borden</u>. To the extent the district court considered Mr. Elliott's claim
         that the trial court erred according to <u>Borden</u>, we vacate the district court's order
27       and remand with instructions to enter an order dismissing Mr. Elliott's <u>Borden</u>
         claim for lack of jurisdiction.

28       <u>Id.</u> at 23-25.

                                          3

C.    **Petitioner's Additional Motions**

On December 26, 2024, Petitioner filed a motion for bail, seeking release pending the adjudication of his appeal. See ECF No. 16.

Petitioner filed a motion for sanctions, asserting that sanctions are appropriate because Respondent failed to re-serve Petitioner in accordance with this Court's Order. See ECF No. 18. Prior to the motion for sanctions, Petitioner filed a motion directing Respondent to re-serve the motion to dismiss, asserting that he was transferred to another institution and therefore did not receive the motion to dismiss. See ECF No. 11. This Court ordered Respondent to re-serve the motion to dismiss to Petitioner's new address despite finding "the proofs of service provided by Respondent indicate that the motion to dismiss was properly served on Petitioner at his address of record." ECF No. 14, pg. 1.

In his motion for sanctions, Petitioner requests that Respondent's motion to dismiss be stricken from the record for failure to re-serve Petitioner and that Federal Bureau of Prison (FBOP) be ordered to offer Petitioner an alternative method for receiving legal mail. See ECF No. 18, pg. 3. Petitioner contends that he never received any of this Court's Orders nor Respondent's motion to dismiss at either Herlong FCI or Mendota FCI despite his family being able to successfully send Petitioner such documents. See id. Petitioner requests sanctions that "both punish the guilty parties and fix this ongoing problem." Id. at 4.

## II. DISCUSSION

A.    **Respondent's Motion to Dismiss**

The Supreme Court explicitly held in Jones that §2255(e)'s "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive §2255 motions by filing a §2241 petition." Jones v. Hendrix, 599 U.S. 465, 471 (2023). Subsequently, the Ninth Circuit declined to address a Petitioner Swopes' challenge to his sentence under Borden, concluding that the District Court was correct in its' determination that the District Court lacked jurisdiction following Jones. Swopes v. Ciolli, No. 22-16054, 2023 U.S. App. LEXIS 22758, at *1-2 (9th Cir. Aug. 29, 2023).

4

Similarly, this Court finds that Petitioner is seeking to "circumvent [the] restrictions on second or successive §2255 motions by filing a §2241 petition." <u>Jones</u>, 599 U.S. at 471. Thus, this Court recommends dismissal for lack of jurisdiction over Petitioner's claims.

**B.    <u>Petitioner's Motion for Sanctions</u>**

Petitioner is correct that the docket does not reflect that Respondent re-served the motion to dismiss in accordance with the Court's Order, ECF No. 14. While disobeying a Court Order is sanctionable, the Court declines to strike the motion to dismiss from the record because, as stated in the December 12, 2024, Order, Respondent did comply with service requirements. <u>See</u> ECF No. 14. Given that Respondent complied with their initial service obligations, the motion to dismiss will remain on the record. This Court will address Respondent's failure to comply with the December 12, 2024, order in a separate order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

### III. CONCLUSION

2          Based on the foregoing, the undersigned orders and recommends as follows:

3          1.      It is ORDERED that the Clerk of the Court is directed to randomly assign

4  a District Judge to this case.

5          2.      It is RECOMMENDED Respondent's motion to dismiss, ECF No. 10 be

6  GRANTED.

7          3.      It is RECOMMENDED that Petitioner's Motion for Bail, ECF No. 16, be

8  DENIED as MOOT.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court.  Responses to objections shall be filed within 14 days after service of

13  objections.  Failure to file objections within the specified time may waive the right to appeal. See

14  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16  Dated:  August 7, 2025

17                                        _____
                                          DENNIS M. COTA
18                                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28